ORTIQUE, Justice,
dissenting.
The majority opinion finds without exception that in inverse condemnation eases involving restricted access to property with accompanying reduction in property value and temporary loss of business income, a property owner’s entitlement to compensable damages is not triggered. I believe that the scope of the majority’s pronouncement is overly broad in view of the facts of this case as well as the jurisprudence. The trial court and the court of appeal found, based upon all the evidence, that plaintiffs were entitled to compensation.
The majority opinion reveals that the expert who testified on behalf of the State admitted that plaintiffs’ land had been diminished in value in the approximate amount of $17,710. Maj. op. at 1155. Yet, the majority finds that plaintiffs’ are not entitled to any compensation. The jurisprudence relied upon by the majority involve circumstances in which there was little or no evidence of monetary loss or property devaluation or other special damage peculiar to the particular property. State, Through the Department of Transportation and Development, 595 So.2d 598 (La.1992) (plaintiff sought recovery based upon inability to develop land as planned due to construction.); Reymond v. State, Through the Department of Highways, 231 So.2d 375 (La.1970) (damage suffered by plaintiff not compensable because damage was general and suffered by other property owners similarly located); Ramelli v. City of New Orleans, 233 La. 291, 96 So.2d 572 (1957) (no recovery because the inconvenience was common to all property owners within the same vicinity).
The majority is silent as to the results of its review of the record with respect to evidence tending to prove that other property owners in the area suffered similar losses or that the construction had a similar effect upon their property, yet the majority concludes that plaintiffs’ damage is not compen-sable on the basis of its commonality with the damage suffered by all other property owners in the area. The record reflects that plaintiffs’ owned the only retail establishment in the immediate area of the construction. The majority cites Reymond v. State, Through the Department of Highways, supra, for the proposition that compensation is *1159 not payable unless there is special rather than general damage. Because of plaintiffs’ status as the only retail establishment, clearly any damage sustained by their business would be distinguishable from damage sustained by non-retail establishments that do not depend upon the ingress and egress of the general public for their livelihood.
The majority reverses the judgment of the trial court and the court of appeal without application of the appropriate standard of review. The findings of a lower court should not be disturbed on appeal, unless after a thorough review of the record, an appellate court finds that lower courts were clearly wrong or committed manifest error in reaching a decision. Rosell v. ESCO, 549 So.2d 840 (La.1989). The majority fails to establish that the lower courts committed manifest error or were clearly wrong in rendering judgment for plaintiffs.
For the reasons assigned, I respectfully dissent.